IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA HILL,<br><br>    Plaintiff,<br><br>vs.<br><br>LIFE LINE SCREENING OF AMERICA, LLC,<br><br>    Defendant. | 8:21CV161<br><br>**MEMORANDUM AND ORDER** |

  Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 11.) After initial review of Plaintiff's Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915(e)(2), the court decided that (1) Plaintiff's retaliation claims under the ADA[1], Title VII[2], the NFEPA[3], the ADEA[4], and the NADEA[5] may proceed to service of process against Defendant Life Line Screening of America, LLC; (2) Plaintiff must file an amended complaint with additional facts if she wished to proceed with claims for national-origin or religious

---

[1] Americans With Disabilities Act, 42 U.S.C. §§ 12112 to 12117 (Westlaw 2022).

[2] Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Westlaw 2022).

[3] Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125 (Westlaw 2022).

[4] Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634 (Westlaw 2022).

[5] Nebraska Age Discrimination in Employment Act, Neb. Rev. Stat. §§ 48-1001, *et seq.* (Westlaw 2022).

discrimination, disability discrimination, and age discrimination; and (3) Defendants Michaelle L. Baumert and the Nebraska Equal Employment Opportunity Commission would be dismissed from this action without prejudice. (Filing 13 at CM/ECF p. 14.)

Plaintiff has filed an Amended Complaint (Filing 15), but she has failed to allege any of the facts the court discussed in its initial review as being necessary to state a plausible claim for relief for national-origin or religious discrimination, disability discrimination, and age discrimination. Accordingly,

IT IS ORDERED:

1. Plaintiff's retaliation claims under the ADA, Title VII, the NFEPA, the ADEA, and the NADEA may proceed to service of process against Defendant Life Line Screening of America, LLC;

2. Plaintiff's Complaint and Amended Complaint fail to state plausible claims for relief for national-origin or religious discrimination, disability discrimination, and age discrimination, and such claims are dismissed without prejudice.

3. For service of process on Defendant Life Line Screening of America, LLC, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "Life Line Screening of America, LLC, Attn: Human Resource Director, 901 S. Mopac Expressway, Building 2, Suite 130, Austin, TX 78746" and forward them together with a copy of the Complaint (Filing 1), the Amended Complaint (Filing 15), a copy of this court's previous Memorandum and Order on initial review (Filing 13), and a copy of this Memorandum and Order to the Marshals Service.[6] **The Marshals Service shall**

---

[6] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782,

**serve Defendant Life Line Screening of America, LLC, at 901 S. Mopac Expressway, Building 2, Suite 130, Austin, TX 78746**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at Defendant's registered office with a person employed therein, or by certified mail or designated delivery service to Defendant's registered office. *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01.

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

6. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk

---

783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

7. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Filing 16) is denied as moot because Plaintiff has already been granted leave to proceed in forma pauperis (Filing 11).

8. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 7th day of February, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4