IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA E. HILL,<br><br>                Plaintiff,<br><br>vs.<br><br>LIFE LINE SCREENING OF AMERICA, LLC,<br><br>                Defendant. | 8:21-CV-161<br><br>MEMORANDUM AND ORDER |

      The plaintiff, Gloria Hill, sued her former employer, Life Line Screening of America, alleging (among other things) claims under: the Americans With Disabilities Act (ADA), 42 U.S.C. § 12112 *et seq*.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. § 48-1101 *et seq*.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*.; and the Nebraska Age Discrimination in Employment Act (NAEDA), Neb. Rev. Stat. § 48-1001 *et seq*. *See* filing 1; filing 15. Life Line moves to dismiss Hill's claims for failure to file suit within the applicable statutes of limitations. Filing 23; *see* filing 24. The Court will grant Life Line's motion.

STANDARD OF REVIEW

      A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a

cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly*, 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n.4 (8th Cir. 2003). Documents

necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). The Court may also take notice of public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

## BACKGROUND

Hill is a 55-year-old disabled Hispanic Christian woman. Filing 1 at 6.[1] She worked for Life Line as an ultrasound technician and alleges that she was harassed by co-workers on account of her age, national origin, and religion. Filing 1 at 6. She also requested medical leave as an accommodation for her disability. Filing 1 at 6. She complained about mistreatment to her superiors. Filing 1 at 6. She was injured on the job in 2019 and given a lifting restriction, and also apparently missed some work. *See* filing 1 at 6. After returning to work, she was fired "because [she] was not a good fit." Filing 1 at 6.

Hill lodged a charge of discrimination with the NEOC and EEOC on July 5, 2019. Filing 1-1. She received a right-to-sue letter from the EEOC on November 22, 2020. Filing 1 at 7.[2] The EEOC closed its file by adopting the findings of the NEOC (although those findings and that right-to-sue letter are not present in the record). Filing 1 at 9. Her initial complaint in this case was filed on April 19, 2021. Filing 1.

---

[1] The amended complaint seems to be missing pages, but what is present appears to be substantively identical to the initial complaint. The Court will, to be fair, construe the documents together. *See* NECivR 15.1(b).

[2] The letter was dated November 16, 2020, and November 22, 2020 was a Sunday, but the Court accepts Hill's pleading as true.

On initial review, the Court found that Hill had stated retaliation claims under the ADA, Title VII, the NFEPA, the ADEA, and the NADEA. Filing 13 at 14. However, the Court found that the complaint failed "to state plausible claims for relief for national-origin or religious discrimination, disability discrimination, and age discrimination." Filing 13 at 14. Her amended complaint failed to remedy those deficiencies. Filing 15. Accordingly, the case proceeded to service on Hill's retaliation claims. Filing 17 at 2. This motion to dismiss followed. Filing 23. Hill didn't respond to Life Line's motion to dismiss. *See* NECivR 7.1(b)(1)(B).

## DISCUSSION

Under the ADA, Title VII, and the ADEA, a claimant must—before bringing suit in court—file a timely charge with the EEOC or NEOC. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). Under Title VII, if the administrative agency dismisses the aggrieved party's charge, the claimant may file suit within 90 days of receiving such notice. *See* 42 U.S.C. § 2000e-5(f)(1). The same limitation applies to the ADA and ADEA. *See* 42 U.S.C. § 12117; 29 U.S.C. § 626; *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008); *Pennington v. Univ. of Arkansas Bd. of Trustees*, 500 F. App'x 567, 568 (8th Cir. 2013). Discounting the Sunday Hill says she received her EEOC right-to-sue letter, and the Sunday that was 90 days later, and the holiday that followed that Sunday, Hill still had to file suit no later than February 23, 2020. Because there is no indication (or allegation) that equitable tolling principles apply, *see Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989), Hill's federal claims are barred.[3]

---

[3] The Court does note that apparently, Hill tried to file something in Douglas County District Court—or, in the view of the clerk of that court, mistakenly sent federal pleadings to state

- 4 -

The same is true of her NFEPA and NADEA claims. Any suit following a determination of the NEOC must be filed within "ninety days after the complainant receives notice of the last action the [NEOC] will take on the complaint or charge." *See* Neb. Rev. Stat. § 48-1120.01. The complication here is that Hill has not provided a copy of that letter, nor did she specifically pled when she received it. *See* filing 1; filing 15. But the EEOC's right-to-sue letter "adopted the findings of the state or local fair employment practices agency that investigated this charge." Filing 1 at 9. The NEOC's determination was presumably made and provided to Hill earlier than that, but even assuming it was made at the same time, Hill's complaint was still untimely.[4] Accordingly,

IT IS ORDERED:

1. Life Line's motion to dismiss (filing 23) is granted.

---

court. *See* filing 1 at 12-13. Had her first attempt succeeded, it would likely have been on time. *See* filing 1 at 12. That's extremely unfortunate, but there's little the Court can do about it: the remedy of equitable tolling is generally reserved for circumstances "which were truly beyond the control of the plaintiff," *see John Chezik Imps.*, 869 F.2d at 1124, and that's not the situation here. And because Hill hasn't responded to Life Line's motion to dismiss, the Court has no other theories to work with.

[4] The Court notes that although Hill didn't pursue this theory of recovery, it's not impossible that she could plead a claim for wrongful discharge in violation of Nebraska public policy, based on her termination shortly after receiving workers' compensation benefits. *See, e.g.*, *Riesen v. Irwin Indus. Tool Co.*, 717 N.W.2d 907, 915 (Neb. 2006). Such a claim would not arise under the NFEPA, and would be subject only to the four-year statute of limitations for tort claims. *See Wendeln v. The Beatrice Manor, Inc.*, 712 N.W.2d 226, 235 (Neb. 2006); *see also Clark v. Sarpy Cnty.*, 453 F. Supp. 3d 1273, 1286 (D. Neb. 2020).

2. The plaintiff's claims are dismissed.

3. A separate judgment will be entered.

Dated this 6th day of April, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge